**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.  : | Criminal Action No.: 13-0324 (RC) |
| : | |
| JOYCE DAWN FERRELL, : | Re Document No.:   19 |
| : | |
| Defendant.  : | |

**MEMORANDUM & ORDER**

**DENYING WITHOUT PREJUDICE DEFENDANT'S REQUEST
FOR EARLY TERMINATION OF PROBATION**

This case comes before the Court following Defendant Joyce Dawn Ferrell's request for early termination of her probation. After considering Ms. Ferrell's letter and the responses of the United States and the Probation Office for the District of Columbia, the Court will deny Ms. Ferrell's request. However, the Court will permit Ms. Ferrell to resubmit her request through the Probation Office for the District of Columbia six months after the date of this Memorandum & Order.

**BACKGROUND**

On January 9, 2014, Ms. Ferrell pled guilty to a single count of Theft of Government Property, in violation of 18 U.S.C. § 641. *See* Min. Entry (Jan. 9, 2014); Plea Agreement, ECF No. 3. The Statement of Offense agreed to by Ms. Ferrell and the United States explains that Ms. Ferrell made unauthorized purchases at the Naval Research Laboratory's commissary store and then sold those items, including tools and computer equipment, at pawn shops in Virginia and Maryland. *See* Statement of Offense at 1, ECF No. 4. The total loss to the United States was $26,029.34. *See id.* at 2.

The Court held a sentencing hearing on April 10, 2014.  *See* Min. Entry (Apr. 10, 2014). The Court considered the Presentence Investigation Report (ECF No. 11), the Probation Office's sentencing recommendation (ECF No. 12), the sentencing memoranda filed by the United States and Ms. Ferrell (ECF Nos. 13, 15), and the parties' oral arguments.  After balancing the factors found in 18 U.S.C. § 3553(a), the Court imposed a sentence of 48 months of probation with various conditions and ordered restitution in the amount of $26,029.34.  *See* Judgment at 2–4, ECF No. 17.

After serving more than two years of her sentence, Ms. Ferrell sent the Court a letter requesting the early termination of her probation.  *See* Letter from Joyce Ferrell (Sept. 28, 2016), ECF No. 19.  Ms. Ferrell states that she cannot be considered for certain advancement opportunities at work while she is on probation, but that those opportunities would allow her to pay restitution in an accelerated manner.  *See id.* at 1.  Ms. Ferrell states that she has "a stable place in the community" and that she complied with the terms of her probation, including completing required counseling.  *See id.*

The Court ordered the Probation Office for the District of Columbia to submit a report addressing Ms. Ferrell's request and describing her compliance with the terms of her supervision, including the status of her restitution payments.  *See* Min. Order (Nov. 4, 2016). The Court also ordered the United States to state its position on Ms. Ferrell's request for early termination of her probation.  *Id.*

The United States opposes Ms. Ferrell's request.  *See* Gov't's Opp'n to Def.'s *Pro Se* Mot. For Early Termination of Probation ("Gov't's Opp'n"), ECF No. 21.  In its response to the Court's Order, the United States objects to early termination of Ms. Ferrell's probation because she has not yet paid the full amount of restitution ordered by the Court.  *Id.* ¶ 6.

2

The Probation Office for the District of Columbia also filed a memorandum in response to the Court's Order. *See* Probation Mem., ECF No. 22.[1] The memorandum notes that the Probation Office for the District of Maryland supervises Ms. Ferrell. That office believes that Ms. Ferrell does not pose a specific threat to the community and it does not oppose Ms. Ferrell's request for termination of her probation.

The memorandum also states that in cases where an offender has displayed exemplary conduct or made an outstanding adjustment to supervision, the Probation Office for the District of Columbia may recommended reduced subversion or termination of supervised release. The memorandum concludes that Ms. Ferrell's adjustment to supervision has been satisfactory, but does not exceed expectations. The memorandum notes that Ms. Ferrell got off to a slow start making restitution payments, and although she has developed a routine of making payments and has caught up on arrearages, the Probation Office for the District of Columbia believes that Ms. Ferrell's conduct does not demonstrate a full commitment to satisfying her restitution obligations. For these reasons, the Probation Office for the District of Columbia does not recommend early termination of Ms. Ferrell's supervision.

**LEGAL STANDARD**

Early termination of probation is governed by 18 U.S.C. § 3564(c), which requires the court to consider factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.[2] The

---

[1] The Probation Memorandum is not publicly available, but the Court previously summarized its conclusions "to provide Ms. Ferrell an opportunity, if she wish[ed], to respond to the positions of the United States and the Probation Office for the District of Columbia." Order at 2, ECF No. 23. At this time, Ms. Ferrell has not submitted a response supplementing her original letter.

[2] For a felony offense, probation can only be terminated after the defendant has served at least one year. *See* 18 U.S.C. § 3564(c). At this time, Ms. Ferrell has served roughly 33 months of her 48 month term of probation. *See* Judgment at 2.

section 3553 sentencing factors include: (1) the characteristics of the offense and the defendant; (2) whether the sentence reflects the seriousness of the offense, deters other criminal conduct, protects the public, and rehabilitates the defendant; (3) the other available sentences; (4) the sentences and applicable sentencing range for the defendant's crime; (5) pertinent policy statements provided by the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a)(1)–(7). A court must ensure that the sentence imposed is sufficient, but not greater than necessary, to accomplish the goals of sentencing. *Id.* § 3553(a). After considering the 3553(a) factors, the court may "terminate a term of probation previously ordered and discharge the defendant . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3564(c).

In the analogous context of a request for early termination of *supervised release* pursuant to 18 U.S.C. § 3583(e)(1),[3] the D.C. Circuit has held that a district court *must* consider the 3553(a) factors before denying a motion for early termination. *See United States v. Mathis-Gardner*, 783 F.3d 1286, 1288 (D.C. Cir. 2015). Although a district court need not provide an explanation of that consideration "where the reasons for denying the motion are apparent from the record," *id.* at 1289, the court should "provide some indication of [its] reasons" where the defendant has presented a substantial argument that changed circumstances render a previously imposed sentence inappropriate, *id.* at 1289–90. Because this Court finds that the same

---

[3] That provision states that a court "may, after considering the factors set forth in section [3553(a)] . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

reasoning applies in the context of a request for an early termination of *probation* pursuant to section 3564(c), the Court will briefly explain its analysis of the 3553(a) factors.

## ANALYSIS

After considering the 3553(a) factors, the Court finds that, at this time, termination of Ms. Ferrell's probation is not "warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). Ms. Ferrell's letter does not specifically address the 3553(a) factors. She does, however, present a number of possible reasons to terminate her probation early. For instance, Ms. Ferrell states that early termination of probation would be appropriate because of her compliance with the terms of her probation, her acceptance of responsibility, her stable home and work environment, and her hope to take advantage of career advancement opportunities. *See* Letter from Joyce Ferrell at 1 (Sept. 28, 2016). The Court is pleased that Ms. Ferrell has a steady job and found value in her counseling program. By all accounts, Ms. Ferrell has avoided any further unlawful conduct and her probation seems to have had a positive effect. The Court also acknowledges that career advancement would benefit Ms. Ferrell generally, and allow her to pay restitution in an accelerated manner.

Nevertheless, Ms. Ferrell's good behavior does not change the Court's prior analysis of the 3553(a) factors. When imposing the original sentence, the Court carefully considered all of the relevant 3553(a) factors. The Court determined that 48 months of probation would be sufficient, but not greater than necessary, to accomplish the goals of sentencing. 18 U.S.C. § 3553(a). Of particular importance to this case, the Court considered Ms. Ferrell's sentence in light of "the need to provide restitution to any victims of the offense." *Id.* § 3553(a)(7). The sentence imposed by the Court requires Ms. Ferrell to "pay the balance of any restitution owed at a rate of no less than $50 each month." Judgment at 3. Both the United States and the Probation

Office for the District of Columbia opposed Ms. Ferrell's request for early termination of her probation because of concerns about restitution payments.  *See* Gov't's Opp'n ¶ 6; Probation Mem. at 2.  The Court notes that Ms. Ferrell had some initial problems making restitution payments, but reportedly has established a routine of making regular payments.  An unblemished record of restitution payments going forward would be relevant to the Court's analysis of whether terminating Ms. Ferrell's probation "is warranted by the conduct of the defendant and the interest of justice."  18 U.S.C. § 3564.

As to the other 3553(a) factors, the Court finds that Ms. Ferrell has not shown that any other changed circumstances—including any exceptional problems associated with completing her remaining term of probation—would alter the Court's original sentencing analysis or make the original sentence unduly harsh or otherwise inappropriate.  Therefore, the Court will deny Ms. Ferrell's request.

## CONCLUSION

For the reasons explained above, Ms. Ferrell's request for early termination of her probation pursuant to 18 U.S.C. § 3564(c) will be denied at this time.  Therefore, it is hereby:

**ORDERED** that Defendant's request for early termination of her probation is **DENIED WITHOUT PREJUDICE**; and it is

**FURTHER ORDERED** that Ms. Ferrell may re-submit her request for early termination of her probation through the Probation Office for the District of Columbia after **July 13, 2017**.

**SO ORDERED**.

Dated:  January 13, 2017                                                      RUDOLPH CONTRERAS
                                                                                               United States District Judge